UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| J.W., ) | |
| ) | |
|    Plaintiff, ) | |
| ) | No.: |
| v. ) | |
| ) | **PLAINTIFF DEMANDS** |
| CITY OF FERGUSON, ) | **JURY TRIAL** |
| ) | |
| JARIS HAYDEN, ) | |
| ) | |
|    Defendants. ) | |

**COMPLAINT  -  CIVIL RIGHTS – 42 U.S.C. 1983, SUBSTANTIVE DUE PROCESS**

Comes now J.W., by counsel W. Bevis Schock and Hugh A. Eastwood, and states for her Complaint:

### INTRODUCTION, NOT PART OF COMPLAINT

A City of Ferguson police officer stopped J.W. for an expired vehicle license plate.  J.W. gave a false name.  The officer arrested her and took her to the Ferguson jail.  Defendant Jaris Hayden is a Ferguson Corrections Officer.  Hayden forced J.W. to give him oral sex and Hayden then raped J.W.

Ferguson law enforcement has engaged in a pattern of violence against the citizenry, and supervisors have failed to properly supervise officers.

Under 42 U.S.C. 1983 and 1988 J.W. seeks compensatory damages, punitive damages, attorney's fees, and costs, all for violation of her right to substantive due process.

### PRELIMINARY ALLEGATIONS

#### Parties

1.	Plaintiff J.W. is an individual residing in the City of St. Louis, Missouri.

2. Defendant City of Ferguson is a properly formed municipality in St. Louis County, Missouri.

3. Defendant Jaris Hayden was at all relevant times a Corrections Officer for the City of Ferguson, Missouri.

4. J.W. sues Hayden in his individual capacity only.

## Jurisdiction

5. J.W. brings this action pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988 and the Fourteenth Amendment to the United States Constitution.

6. The court has jurisdiction pursuant to 28 U.S.C. §1343 and 28 U.S.C. §1331.

## Venue

7. The events complained of occurred in the Eastern District of Missouri, in the Eastern Division.

## Color of State Law

8. At all relevant times Hayden was acting under color of state law.  Particularly, at all relevant times Hayden acted under color of the laws, statutes, ordinances, regulations, policies, customs and usages of the State of Missouri, and its political subdivisions.

## Jury Demand

9. J.W. demands a jury trial.

## FACTS

10. On or about October 9, 2013 J.W. was driving her car in the City of Ferguson.

11. J.W. had an expired license plate.

12. A City of Ferguson police officer stopped J.W. for the expired plate.

13. During the stop J.W. admittedly gave the officer a false name.

14. The officer determined the name was false and placed J.W. under arrest.

15. The officer transported J.W. to the City of Ferguson jail.

16. The officer wrote tickets against J.W. for:

    a. Driving on Expired Plates, and

    b. Making a False Affidavit, (that is, giving a false name).

17. Hayden, began booking J.W. by taking finger prints and mug shots.

18. J.W. heard Hayden say softly: "You smell good".

19. Hayden softly said to J.W. words to the effect of: "This will teach you a lesson".

20. J.W. had met never Hayden before.

21. J.W. was dressed in her work clothes, that is, nursing scrubs.

22. J.W. was put in a cell.

23. After initially telling J.W. her bond would be $300.00 Hayden then told J.W. her bond would be $200.00.

24. Hayden also told J.W. that she had traffic warrants in other jurisdictions.

25. Hayden kept walking by J.W.' cell and talking to her.

26. J.W. was distraught and said words to the effect of:

    a. "Let me go",

    b. "I haven't done anything wrong", and

    c. "I just don't have money to get my plates."

27. Hayden said words to the effect of:

    a. "Be quiet", and

    b. "Others will hear."

28. J.W. sensed that Hayden was acting in a sexually provocative manner toward her.

29. J.W. did not respond to Hayden's sexually provocative actions.

30. J.W. told Hayden that she was several months pregnant.

31. J.W.' pregnancy was showing.

32. J.W. was having pain and discharges.

33. J.W. told Hayden she was having pain and discharges.

34. Hayden checked with a superior and called an ambulance.

35. An ambulance came and emergency medical technicians checked J.W.' vital signs.

36. The EMT's told Hayden in J.W.' presence that it was up to Hayden to decide whether he would release J.W. to their custody.

37. Hayden did not indicate a decision in J.W.' presence.

38. Hayden and the EMT's left the room.

39. J.W. never saw the EMT's again.

40. J.W.'s boyfriend posted J.W.'s bond on the newly issued Ferguson charges.

41. Hayden then removed J.W. from her cell and had J.W. sign various papers.

42. Hayden began to make remarks with words to the effect of: "You're the type of girl that can get me in trouble."

43. J.W. was crying.

44. J.W. kept asking to go home.

45. J.W. said: "I will do anything to go home".

46. By that remark J.W. did not intend to deliver the message that she would have sex with Hayden in exchange for release. The remark was in the nature of a rhetorical statement while in an emotional state of extreme distress.

47. Hayden stated several times to J.W. that she had traffic warrants for other municipalities.

4

48. J.W. was in great fear.

49. Hayden was in a position of complete power over J.W.

50. Hayden said "Follow-me", and took her down various hallways.

51. Hayden took J.W. into a "boiler room" in the City of Ferguson jail.

52. Hayden then unbuttoned his pants, removed his penis from his pants.

53. Hayden either:

    a. Said words to the effect of : "You gonna suck my dick" and/or

    b. Motioned for J.W. to give him oral sex.

54. Because she was afraid, J.W. did not resist.

55. J.W. began to perform oral sex on Hayden.

56. J.W. captured some of Hayden's pubic hairs in her hand.

57. Hayden did not ejaculate.

58. Hayden then had J.W. stop.

59. Hayden then took J.W. further back into the boiler room.

60. Hayden then had J.W. bend over and he indicated that he was going to have intercourse with her.

61. Because she was afraid, J.W. did not resist.

62. Hayden then had vaginal intercourse with J.W.

    (collectively, "the incident").

63. Hayden ejaculated in his hand.

64. Hayden then released J.W. from jail custody via a side door to the building.

65. Hayden stated to J.W. words to the effect of: "Tell anyone who asks that Wellston picked you up".

5

66. Hayden told J.W. words to the effect of: "Run and stay close to the building".

67. On information and belief Hayden told J.W. to stay close to the building so that she would not appear on security cameras.

68. On information and belief Hayden never informed any of the municipalities that had warrants for J.W. that she was in custody.

69. Immediately after the rape J.W. went to a Subway restaurant across the street and retained a bag to hold the captured pubic hair.

70. After the incident J.W.' sister took her to the Emergency Room.

71. Authorities responded to the Emergency Room.

72. DNA analysis has confirmed that the pubic hair is from Hayden.

73. Hayden has been indicted for his conduct as outlined herein, and faces charges in St. Louis County in 14SL-CR09359 for:

    a. Acceding to Corruption by a Public Servant, RSMo. 576.020,

    b. Sexual Contact with a Prisoner of offender by Jail Employee, RSMo. 566.145, (2) and

    c. Permitting Escape, RSMo. 575.240.

### No Capacity to Consent

74. At the relevant time J.W. was an inmate in the jail and therefore had no lawful capacity to consent to sexual contact with Hayden, a person whom she had never met.[1]

75. In the alternative the sex was offered in exchange for release from custody, and therefore any purported consent was not lawful, and so the sexual contact was not consensual.

---

[1] *Heggenmiller v. Edna Mahan Corr. Inst. for Women*, 128 F. App'x 240, 249 (3d Cir. 2005), and see *Cotton-Schrichte v. Peate*, 07-4052-CV-C-MJW, 2011 WL 2516923 (W.D. Mo. June 23, 2011).

### Other Acts of Violence

76. Law enforcement Officers of the City of Ferguson have been involved in many other acts of violence including the shooting of Michael Brown on August 9, 2014.

77. On information and belief discovery will produce other acts of violence, all contributing to a pattern and practice of allowing violence and sexual assault on members of the public.

78. The numerous acts of violence against the citizenry by law enforcement of the City of Ferguson constitute a pattern.

### DAMAGES

79. During the incident and since the incident J.W. suffered and has suffered:

    a. Humiliation,

    b. Indignity,

    c. Disgrace,

    d. Stress,

    e. Fear,

    f. Mental suffering,

    g. Anxiety over sex, and

    h. Fear of police.

80. During the rape J.W. suffered pain.

81. During the incident J.W. suffered psychological injuries.

82. J.W. incurred medical bills in an amount unknown at the time of this filing but which will be known by the time of trial.

83. On information and belief J.W.' medical bills have been paid by a government program giving insurance to pregnant women.

## CAUSATION

84. The conduct of Hayden and the City of Ferguson proximately caused Plaintiff's damages.

## ATTORNEY'S FEES AND COSTS

85. In pursuit of her claim J.W. is incurring reasonable attorney's fees, taxable costs, and non-taxable costs.

---

## COUNT I
### VIOLATION OF CIVIL RIGHTS, 42 U.S.C. §1983
### FOURTEENTH AMENDMENT - SUBSTANTIVE DUE PROCESS

86. J.W. incorporates all prior paragraphs.

87. At the time of the incident J.W. was a pre-trial detainee.

88. The Fourteenth Amendment's Due Process Clause grants to pretrial detainees rights that are at least as great as the Eighth Amendment protections available to a convicted prisoner.[2]

89. The substantive due process clause of the Fourteenth Amendment to the United States Constitution protects individuals from violations of their "bodily integrity" at the hands of government officials.[3]

90. Sexual abuse of an inmate by a corrections officer can never serve a legitimate penological purpose and may well result in severe physical and psychological harm.[4]

91. In having sexual contact with J.W. Hayden was deliberately indifferent to J.W.' rights.[5]

---

[2] *City of Revere v. Mass Gen. Hosp.,* **463 U.S. 239, 244 (1983).**
[3] *Washington v. Glucksberg,* **521 U.S. 702, 720 (1997)**
[4] *Freitas v. Ault*, **109 F.3d 1335, 1338 (8th Cir. 1997)**

92. Hayden's sexual misconduct in the incident was so egregious and so outrageous that it may fairly be said to shock the contemporary conscience.[6]

93. Hayden violated J.W.' constitutional right to substantive due process.

94. As a direct result of Hayden's conduct during the incident, J.W. suffered the damages outlined above.

### No Qualified Immunity - Law Well Established

95. It has long been well established in the law that a Corrections Officer violates an inmate's constitutional right to substantive due process by having non-consensual sexual contact with her, particularly where he uses his authority as a law enforcement officer to obtain power and control over the victim.[7]

96. At the time of the incident any reasonable Corrections Officer would have known that non-consensual sex with an inmate would violate the constitution.[8]

### Punitive Damages

97. The conduct of Hayden was malicious or recklessly indifferent to J.W.' rights.[9]

98. J.W. is entitled to awards of punitive damages against Hayden on her claim, in order to punish Hayden and to deter others.

### COUNT II
### MONELL

99. J.W. incorporates all prior paragraphs.

---

[5] ***Butler v. Fletcher,*** **465 F.3d 340, 345 (8th Cir.2006).**
[6] ***Cavataio v. City of Bella Villa*, 570 F.3d 1015, 1022 (8th Cir. 2009),** ***Rogers v. City of Little Rock,*** **152 F.3d 790 (8th Cir.1998),** ***Haberthur v. City of Raymore,*** **119 F.3d 720 (8th Cir.1997)**, and see ***Coker v. Georgia,*** **433 U.S. 584, 597 (1977)**, cited in ***Walton v. Dawson*, 12-4000, 2014 WL 2053835 (8th Cir. May 20, 2014)**, "Short of homicide, [rape] is the ultimate violation of self."
[7] ***Rogers v. City of Little Rock,*** **152 F.3d 790, 797 (8th Cir.1998)**
[8] ***Freitas v. Ault*, 109 F.3d 1335, 1338 (8th Cir. 1997)**.
[9] **Eighth Circuit Model Jury Instructions, 4.50C.**

### Custom and Practice of Tolerating Violence and Constitutional Violations

100. The conduct of City of Ferguson law enforcement in engaging in repeated acts of violence and constitutional violations against the citizenry constitutes a pattern.

101. The City has taken inadequate steps or no steps at all to control the violent acts of its law enforcement personnel.

102. The damages sustained by Plaintiff were caused by the acquiescence of policy making municipal officials in this pattern of unconstitutional conduct by law enforcement personnel of the City.[10]

103. The pattern of misconduct is so widespread the constructive knowledge by supervisors and policy makers may be inferred.[11]

104. On information and belief the City failed to have a system in place such that supervisors would monitor jailors to assure that jailors would always call other jurisdictions where subjects had warrants, to prevent the jailors from using the threat of such calls from being used as a bargaining chip for sexual or other favors, and that systemic failure caused the constitutional violation.

105. Acts of excessive force and acts of sexual assault are essentially the same for purposes of analysis of a pattern of behavior.

### Negligent Hiring, Failure to Supervise

106. In the alternative the City failed to adequately scrutinize Hayden's background before hiring him, or it would have been a plainly obvious consequence of the decision to hire that this constitutional violation would occur.[12]

---

[10] *Ware v Jackson*, 150 F.3d. 873, 886 (8th Cir. 1996), *Parrish v. Luckie,* 963 F.3d. 201 (8th Cir. 1992).
[11] *City of Canton v. Harris*, 489 U.S.378 (1989).

10

107. In the alternative the City of Ferguson failed to sufficiently supervise Hayden regarding his duties so that he would not be able to engage in the misconduct which occurred here, and the circumstances and lack of supervision was sufficient to give supervisors notice that the constitutional violation would occur.[13]

108. Particularly, on information and belief the City failed to have a system in place such that supervisors would monitor jailors to assure that jailors would always call other jurisdictions where subjects had warrants, to prevent the jailors from using the threat of such calls from being used as a bargaining chip for sexual or other favors.

## Liability of Ferguson

109. The City of Ferguson is therefore liable for the acts of Hayden.[14]

## PRAYER

WHEREFORE, Plaintiff prays the court for judgment for compensatory damages and punitive damages against Jaris Hayden in his individual capacity, compensatory damages against the City of Ferguson, attorney's fees and costs against both Defendants, such other relief as the court finds to be just, meet and reasonable.

Respectfully Submitted,

Co-Counsel for Plaintiff

   /s/ W. Bevis Schock   .
W. Bevis Schock, MBE # 32551
Attorney at Law
7777 Bonhomme Ave., Ste. 1300
St. Louis, MO  63105
wbschock@schocklaw.com
Fax:    314-721-1698
Voice: 314-726-2322

---

[12] ***Board of County Commissioners of Bryan County, OK v. Brown***, **520 U.S. 397, 411 (1997)**.
[13] ***Andrews v. Fowler,* 98 F.3d 1069, 1078 (8th Cir.1996)**
[14] ***Monell v. Dep't of Soc. Servs. of the City of New York***, **436 U.S. 658 (1978)**

  /s/ Hugh A. Eastwood   .
Hugh A. Eastwood, MBE # 62058
Attorney at Law
7777 Bonhomme Ave., Ste. 1603
St. Louis, MO 63105
heastwood@eastwoodlawstl.com
Fax:    314-727 4473
Voice: 314-809-2343