UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| J.W., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.: 14-cv-01928 RLW |
| | ) | |
| CITY OF FERGUSON, MISSOURI AND | ) | |
| JARIS HAYDEN, | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendants. | ) | |

## *ANSWER OF DEFENDANT CITY OF FERGUSON TO PLAINTIFF'S COMPLAINT*

COMES NOW Defendant, the City of Ferguson, and for its Answer to Plaintiff's Complaint, states as follows:

### INTRODUCTION, NOT PART OF COMPLAINT

Defendant City of Ferguson denies the statements and allegations contained in the "Introduction, Not Part of Complaint" and moves to strike this "Introduction" as violating FRCP 10 (b).

### PRELIMINARY ALLEGATIONS

#### Parties

1. Upon information and belief, admitted.

2. Admitted.

3. It is admitted that on or about October 9, 2013, Defendant Hayden was employed as a Corrections Officer by the City of Ferguson.  All other allegations contained in paragraph 3 are denied.

4.  Admitted.

## Jurisdiction

5.  It is admitted that Plaintiff attempts to allege claims and causes of action pursuant to the United States Code and the Constitution of the United States of America, but it is denied that any claim is stated or valid cause of action exists.

6.  It is admitted that the Plaintiff identifies sections of the United States Code to invoke the jurisdiction of this Court.  It is denied that any claim is stated or valid cause of action exists.

## Venue

7.  It is admitted that Plaintiff alleges events that occurred in the Eastern Division of the Eastern District of Missouri.

## Color of State Law

8.  Denied.

## Jury Demand

9.  Admitted.

## FACTS

10. Admitted.

11. Admitted.

12. Admitted.

13. Admitted.

14. Admitted.

15. Admitted.

16. Admitted.

{01296582.DOCX;1}

Case: 4:14-cv-01928-RLW   Doc. #:  19   Filed: 01/15/15   Page: 3 of 9 PageID #: 80

17. Admitted.

18. Denied.

19. Denied.

20. Denied for lack of knowledge.

21. Denied.

22. Admitted.

23. Denied.

24. Denied for lack of knowledge.

25. Denied for lack of knowledge.

26. Denied for lack of knowledge.

27. Denied for lack of knowledge.

28. Denied for lack of knowledge.

29. Denied for lack of knowledge.

30. Denied for lack of knowledge.

31. Denied for lack of knowledge.

32. Denied for lack of knowledge.

33. Denied for lack of knowledge.

34. It is admitted that EMS was called to the Ferguson Jail to evaluate Plaintiff for a medical

    issue; all other allegations contained in Paragraph 34 are denied.

35. Admitted.

36. Denied for lack of knowledge.

37. Denied for lack of knowledge.

38. Denied for lack of knowledge.

{01296582.DOCX;1}

39. Denied for lack of knowledge.

40. Denied.

41. Denied for lack of knowledge.

42. Denied for lack of knowledge.

43. Denied for lack of knowledge.

44. Denied for lack of knowledge.

45. Denied for lack of knowledge.

46. Denied for lack of knowledge.

47. Denied for lack of knowledge.

48. Denied for lack of knowledge.

49. Denied.

50. Denied for lack of knowledge.

51. Denied for lack of knowledge.

52. Denied for lack of knowledge.

53. Denied for lack of knowledge.

54. Denied for lack of knowledge.

55. Denied for lack of knowledge.

56. Denied for lack of knowledge.

57. Denied for lack of knowledge.

58. Denied for lack of knowledge.

59. Denied for lack of knowledge.

60. Denied for lack of knowledge.

61. Denied for lack of knowledge.

4

62. Denied for lack of knowledge.

63. Upon information and belief, it is admitted that Defendant Hayden released Plaintiff from

custody.  All other allegations contained in paragraph 63 are denied.

64. Denied for lack of knowledge.

65. Denied for lack of knowledge.

66. Denied for lack of knowledge.

67. Denied for lack of knowledge.

68. Denied for lack of knowledge.

69. Denied for lack of knowledge.

70. Denied for lack of knowledge.

71. Denied for lack of knowledge.

72. Denied for lack of knowledge.

73. Upon information and belief, admitted.

## No Capacity to Consent

74. Denied.

75. Denied.

## Other Acts of Violence

76. Denied.

77. Denied.

78. Denied.

## DAMAGES

79. Denied.

80. Denied.

{01296582.DOCX;1}

81. Denied.

82. Denied.

83. Denied for lack of knowledge.

## CAUSATION

84. Denied.

## ATTORNEY'S FEES AND COSTS

85. Denied.

## COUNT I:

## VIOLATION OF CIVIL RIGHTS, 42 U.S.C. SECTION 1983
## FOURTEENTH AMENDMENT – SUBSTANTIVE DUE PROCESS

86. Defendant restates its responses to all prior allegations as if fully set out herein.

87. Defendant admits that Plaintiff alleges she was a pre-trial detainee, but denies all other allegations contained in Paragraph 87.

88. Paragraph 88 is an abstract and argumentative statement of law to which no answer is required and which should be stricken as violating FRCP 8 (a). To the extent Paragraph 88 alleges or attempts to allege facts, each such allegation is denied.

89. Paragraph 89 is an abstract and argumentative statement of law to which no answer is required and which should be stricken as violating FRCP 8 (a). To the extent Paragraph 89 alleges or attempts to allege facts, each such allegation is denied.

90. Paragraph 90 is an abstract and argumentative statement of law to which no answer is required and which should be stricken as violating FRCP 8 (a). To the extent Paragraph 90 alleges or attempts to allege facts, each such allegation is denied.

91. Denied.

6

92.  Denied.

93. Denied.

94. Denied.

## No Qualified Immunity- Law Well Established

95. Paragraph 95 is an abstract and argumentative statement of law to which no answer is

   required and which should be stricken as violating FRCP 8 (a).  To the extent Paragraph

   95 alleges or attempts to allege facts, each such allegation is denied.

96. Denied.

## Punitive Damages

97. Denied.

98.  Denied.

## COUNT II –MONELL

99. Defendant restates its responses to all prior allegations as if fully set out herein.

## Custom and Practice of Tolerating Violence and Constitutional Violations

100.       Denied.

101.       Denied.

102.       Denied.

103.       Denied.

104.       Denied.

105.       Denied.

## Negligent Hiring, Failure to Supervise

106.       Denied.

107.     Denied.

108.     Denied.

**Liability of Ferguson**

109.     Denied.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant City of Ferguson respectfully request this Court dismiss Plaintiff's Complaint against it, to award their costs and fees expended to it, and for such other and further relief as the Court deems proper.

**JURY TRIAL DEMANDED**

/s/ *Peter J. Dunne*
Peter J. Dunne   #31482
Robert T. Plunkert #62064
PITZER SNODGRASS, P.C.
Attorneys for Defendant City of Ferguson
100 South Fourth Street, Suite 400
St. Louis, Missouri 63102-1821
(314) 421-5545
(314) 421-3144 (Fax)
dunne@pspclaw.com
plunkert@pspclaw.com

8

I hereby certify that a copy of the foregoing filed electronically with the Clerk of the Court this 15th day of January, 2015 to be served by operation of the Court's electronic filing system upon the following:

    Mr. W. Bevis Schock
    Attorney for Plaintiff
    7777 Bonhomme, Suite 1300
    St. Louis, Missouri  63105
    314-721-2322
    wbschock@schocklaw.com;  and

    Mr. Hugh A. Eastwood
    Attorney for Plaintiff
    7777 Bonhomme Ave, Suite 1603
    St. Louis, Missouri 63105
    314-809-2343
    heastwood@eastwoodlawstl.com;  and

    Mr. Ted L. Perryman
    Attorney for Defendant Hayden
    1034 S. Brentwood, Suite 2100
    St. Louis Missouri 63117
    314-421-1850
    tperryman@robertsperryman.com.

*/s/ Peter J. Dunne*
_____

9