UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| J.W., | ) |
|    Plaintiff, | ) ) ) |
| vs. | ) Case No.: 14-cv-01928 RLW |
| CITY OF FERGUSON, MISSOURI AND JARIS HAYDEN, | ) ) ) **JURY TRIAL DEMANDED** |
|    Defendants. | ) ) ) |

# *AMENDED ANSWER OF DEFENDANT CITY OF FERGUSON TO PLAINTIFF'S COMPLAINT*

COMES NOW Defendant, the City of Ferguson, and for its Amended Answer to Plaintiff's Complaint, states as follows:

### INTRODUCTION, NOT PART OF COMPLAINT

Defendant City of Ferguson denies the statements and allegations contained in the "Introduction, Not Part of Complaint" and moves to strike this "Introduction" as violating FRCP 10 (b).

### PRELIMINARY ALLEGATIONS

#### Parties

1. Upon information and belief, admitted.

2. Admitted.

3. It is admitted that on or about October 9, 2013, Defendant Hayden was employed as a Corrections Officer by the City of Ferguson. All other allegations contained in paragraph 3 are denied.

{180007.DOCX;1}

4. Admitted.

## Jurisdiction

5. It is admitted that Plaintiff attempts to allege claims and causes of action pursuant to the United States Code and the Constitution of the United States of America, but it is denied that any claim is stated or valid cause of action exists.

6. It is admitted that the Plaintiff identifies sections of the United States Code to invoke the jurisdiction of this Court.  It is denied that any claim is stated or valid cause of action exists.

## Venue

7. It is admitted that Plaintiff alleges events that occurred in the Eastern Division of the Eastern District of Missouri.

## Color of State Law

8. Denied.

## Jury Demand

9. Admitted.

## FACTS

10. Admitted.

11. Admitted.

12. Admitted.

13. Admitted.

14. Admitted.

15. Admitted.

16. Admitted.

17. Admitted.

18. Denied.

19. Denied.

20. Denied for lack of knowledge.

21. Denied.

22. Admitted.

23. Denied.

24. Denied for lack of knowledge.

25. Denied for lack of knowledge.

26. Denied for lack of knowledge.

27. Denied for lack of knowledge.

28. Denied for lack of knowledge.

29. Denied for lack of knowledge.

30. Denied for lack of knowledge.

31. Denied for lack of knowledge.

32. Denied for lack of knowledge.

33. Denied for lack of knowledge.

34. It is admitted that EMS was called to the Ferguson Jail to evaluate Plaintiff for a medical issue; all other allegations contained in Paragraph 34 are denied.

35. Admitted.

36. Denied for lack of knowledge.

37. Denied for lack of knowledge.

38. Denied for lack of knowledge.

39. Denied for lack of knowledge.

40. Denied.

41. Denied for lack of knowledge.

42. Denied for lack of knowledge.

43. Denied for lack of knowledge.

44. Denied for lack of knowledge.

45. Denied for lack of knowledge.

46. Denied for lack of knowledge.

47. Denied for lack of knowledge.

48. Denied for lack of knowledge.

49. Denied.

50. Denied for lack of knowledge.

51. Denied for lack of knowledge.

52. Denied for lack of knowledge.

53. Denied for lack of knowledge.

54. Denied for lack of knowledge.

55. Denied for lack of knowledge.

56. Denied for lack of knowledge.

57. Denied for lack of knowledge.

58. Denied for lack of knowledge.

59. Denied for lack of knowledge.

60. Denied for lack of knowledge.

61. Denied for lack of knowledge.

62. Denied for lack of knowledge.

63. Denied for lack of knowledge.

64. Upon information and belief, it is admitted that Defendant Hayden released Plaintiff from custody.  All other allegations contained in paragraph 64 are denied.

65. Denied for lack of knowledge.

66. Denied for lack of knowledge.

67. Denied for lack of knowledge.

68. Denied for lack of knowledge.

69. Denied for lack of knowledge.

70. Denied for lack of knowledge.

71. Denied for lack of knowledge.

72. Denied for lack of knowledge.

73. Upon information and belief, admitted.

## No Capacity to Consent

74. Denied.

75. Denied.

## Other Acts of Violence

76. Denied.

77. Denied.

78. Denied.

## DAMAGES

79. Denied.

80. Denied.

5

{180007.DOCX;1}

81. Denied.

82. Denied.

83. Denied for lack of knowledge.

## CAUSATION

84. Denied.

## ATTORNEY'S FEES AND COSTS

85. Denied.

## COUNT I:

## VIOLATION OF CIVIL RIGHTS, 42 U.S.C. SECTION 1983
## FOURTEENTH AMENDMENT – SUBSTANTIVE DUE PROCESS

86. Defendant restates its responses to all prior allegations as if fully set out herein.

87. Defendant admits that Plaintiff alleges she was a pre-trial detainee, but denies all other allegations contained in Paragraph 87.

88. Paragraph 88 is an abstract and argumentative statement of law to which no answer is required and which should be stricken as violating FRCP 8 (a).  To the extent Paragraph 88 alleges or attempts to allege facts, each such allegation is denied.

89. Paragraph 89 is an abstract and argumentative statement of law to which no answer is required and which should be stricken as violating FRCP 8 (a).  To the extent Paragraph 89 alleges or attempts to allege facts, each such allegation is denied.

90. Paragraph 90 is an abstract and argumentative statement of law to which no answer is required and which should be stricken as violating FRCP 8 (a).  To the extent Paragraph 90 alleges or attempts to allege facts, each such allegation is denied.

91. Denied.

92. Denied.

93. Denied.

94. Denied.

### No Qualified Immunity- Law Well Established

95. Paragraph 95 is an abstract and argumentative statement of law to which no answer is required and which should be stricken as violating FRCP 8 (a). To the extent Paragraph 95 alleges or attempts to allege facts, each such allegation is denied.

96. Denied.

### Punitive Damages

97. Denied.

98. Denied.

### COUNT II –MONELL

99. Defendant restates its responses to all prior allegations as if fully set out herein.

### Custom and Practice of Tolerating Violence and Constitutional Violations

100. Denied.

101. Denied.

102. Denied.

103. Denied.

104. Denied.

105. Denied.

### Negligent Hiring, Failure to Supervise

106. Denied.

{180007.DOCX;1}

107. Denied.

108. Denied.

## Liability of Ferguson

109. Denied.

## AFFIRMATIVE DEFENSES

1. For further answer and for affirmative defense, Plaintiff's Complaint fails to state a cause of action or a claim upon relief can be granted against this Defendant.

2. For further answer and for affirmative defense, the law was not clearly established at the time of the occurrence referred to in the Complaint that any policies and procedures of the Defendant were so deficient that they violated any constitutional right of Plaintiff or were the proximate cause of any injury or damage allegedly sustained by Plaintiff. See <u>Veatch v. Bartels Lutheran Home,</u> 627 F. 3d 1254 (8th Cir. 2010).

3. For further answer and for affirmative defense, any injury or damage, if any, sustained by Plaintiff was the direct and proximate result of Plaintiffs' own conduct in consenting to the conduct referred to in the Complaint.

4. For further answer and for affirmative defense, any injury or damages allegedly sustained by Plaintiff were the direct and proximate result of Plaintiff's own criminal misconduct, negligence and wrongful conduct, and not the conduct of any Defendant, and as a result, the Plaintiff was the sole cause of her own injury and damage, if any.

{180007.DOCX;1}

9. For further answer and for affirmative defense, no defendant's conduct violated any clearly established statutory or constitutional rights of which a reasonable person would have known, and thus and thereby, Defendant has Qualified Immunity from liability to Plaintiff and Plaintiff cannot recover from this Defendant.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant City of Ferguson respectfully request this Court dismiss Plaintiff's Complaint against it, to award their costs and fees expended to it, and for such other and further relief as the Court deems proper.

**JURY TRIAL DEMANDED**

/s/ *Peter J. Dunne*
Peter J. Dunne   #31482
Robert T. Plunkert #62064
PITZER SNODGRASS, P.C.
Attorneys for Defendant City of Ferguson
100 South Fourth Street, Suite 400
St. Louis, Missouri 63102-1821
(314) 421-5545
(314) 421-3144 (Fax)
dunne@pspclaw.com
plunkert@pspclaw.com

     I hereby certify that a copy of the foregoing filed electronically with the Clerk of the Court this 20th day of January, 2015 to be served by operation of the Court's electronic filing system upon the following:

Mr. W. Bevis Schock
Attorney for Plaintiff
7777 Bonhomme, Suite 1300
St. Louis, Missouri  63105
314-721-2322
wbschock@schocklaw.com;  and

Mr. Hugh A. Eastwood
Attorney for Plaintiff
7777 Bonhomme Ave, Suite 1603
St. Louis, Missouri 63105
314-809-2343
heastwood@eastwoodlawstl.com;  and

Mr. Ted L. Perryman
Attorney for Defendant Hayden
1034 S. Brentwood, Suite 2100
St. Louis Missouri 63117
314-421-1850
tperryman@robertsperryman.com.

          /s/ *Peter J. Dunne*