IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| J.W. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No.:   4:14-CV-01928-RLW |
| | ) | |
| CITY OF FERGUSON, | ) | |
| And | ) | |
| JARIS HAYDEN, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT JARIS HAYDEN'S ANSWER TO PLAINTIFF'S COMPLAINT

COMES NOW Defendant, Jaris Hayden, (hereinafter "Defendant"), by and through his attorneys, Roberts Perryman, P.C., and files his Answer to Plaintiff's Complaint, and states as follows:

## PRELIMINARY ALLEGATIONS

1.     Defendant lacks sufficient information in which to admit or deny the allegations contained in paragraph 1.

2.     Upon information and belief, admitted.

3.     Defendant admits he was employed as a Corrections Officer for the City of Ferguson on or about October 9, 2013.  Defendant denies all remaining allegations in paragraph 3 not specifically admitted to herein.

4.     Defendant makes no response to the allegations contained in paragraph 4, as said allegations do not require a response.

1

## Jurisdiction

5.      Paragraph 5 calls for a legal conclusion to which no answer is required. In the event an answer is required, defendant denies paragraph 5.  Defendant further denies that any claim is stated or that valid cause of action exists.

6.      Paragraph 6 calls for a legal conclusion to which no answer is required. In the event an answer is required, defendant denies paragraph 6.  Defendant further denies any claim is stated or valid cause of action exists.

## Venue

7.      Defendant admits that plaintiff alleges events occurred in the Eastern District of Missouri, in the Eastern Division.

## Color of State Law

8.      Defendant denies all allegations contained in paragraph 8.

## Jury Demand

9.      Defendant admits paragraph 9.

## FACTS

10.      Upon information and belief, Defendant admits the allegations contained in paragraph 10.

11.      Upon information and belief, Defendant admits the allegations contained in paragraph 11.

12.      Upon information and belief, Defendant admits the allegations contained in paragraph 12.

13.      Upon information and belief, Defendant admits the allegations contained in paragraph 13.

14.     Upon information and belief, Defendant admits the allegations contained in paragraph 14.

15.     Upon information and belief, Defendant admits the allegations contained in paragraph 15.

16.     Upon information and belief, Defendant admits the allegations contained in paragraph 16.

17.     Defendant denies all allegations in paragraph 17.

18.     Defendant denies all allegations in paragraph 18.

19.     Defendant denies all allegations in paragraph 19.

20.     Defendant lacks sufficient information in which to admit or deny the allegations contained in paragraph 20 and therefore denies same.

21.     Defendant lacks sufficient information in which to admit or deny the allegations contained in paragraph 21 and therefore denies same.

22.     Defendant admits plaintiff was taken to City of Ferguson jail.

23.     Defendant denies all allegations in paragraph 23.

24.     Defendant denies all allegations in paragraph 24.

25.     Defendant denies all allegations in paragraph 25.

26.     Defendant denies all allegations in paragraph 26, including subparagraphs (a) through and including (c).

27.     Defendant denies all allegations in paragraph 27, including subparagraphs (a) through and including (b)

28.     Defendant denies all allegations in paragraph 28.

29.     Defendant denies all allegations in paragraph 29.

30.     Defendant denies all allegations in paragraph 30.

31.     Defendant lacks sufficient information in which to admit or deny the allegations contained in paragraph 31 and therefore denies same.

32.     Defendant lacks sufficient information in which to admit or deny the allegations contained in paragraph 32 and therefore denies same.

33.     Defendant denies all allegations in paragraph 33.

34.     Defendant admits that an EMS was called to the City of Ferguson jail. Defendant denies all remaining allegations contained in paragraph 34 not admitted to herein.

35.     Defendant admits that EMS was called to the City of Ferguson jail.

36.     Defendant lacks sufficient information in which to admit or deny the allegations contained in paragraph 36 at this time and therefore denies same.

37.     Defendant lacks sufficient information in which to admit or deny the allegations contained in paragraph 37 at this time and therefore denies same.

38.     Defendant lacks sufficient information in which to admit or deny the allegations contained in paragraph 38 and therefore denies same.

39.     Defendant lacks sufficient information in which to admit or deny the allegations contained in paragraph 39 and therefore denies same.

40.     Defendant lacks sufficient information in which to admit or deny the allegations contained in paragraph 40 at this time and therefore denies same.

41.     Paragraph 41 is vague in time and scope and in the use of the word "papers". Therefore defendant is unable to admit or deny the allegations in paragraph 41. To the extent an answer is required, defendant denies paragraph 41.

42.     Defendant denies all allegations in paragraph 42.

4

43.     Paragraph 43 is vague in time and scope and defendant is not able to admit or deny.  To the extent an answer is required for paragraph 43, defendant denies all allegations in paragraph 43.

44.     Defendant does not have sufficient information to respond to the allegations in paragraph 44.

45.     Defendant does not have sufficient information to respond to the allegations in paragraph 45.

46.     Defendant does not have sufficient information to respond to the allegations in paragraph 46.

47.     Paragraph 47 is vague in time and scope and defendant is not able to admit or deny.  To the extent an answer is required for paragraph 47; defendant denies all allegations in paragraph 47.

48.     Defendant denies all allegations contained in paragraph 48.

49.     Defendant denies all allegations contained in paragraph 49.

50.     Defendant denies all allegations contained in paragraph 50.

51.     Defendant denies all allegations contained in paragraph 51.

52.     Defendant denies all allegations contained in paragraph 52.

53.     Defendant denies all allegations contained in paragraph 53, including subparagraphs (a) and (b).

54.     Defendant denies all allegations contained in paragraph 54.

55.     Defendant denies all allegations contained in paragraph 55.

56.     Defendant denies all allegations contained in paragraph 56.

57.     Defendant denies all allegations contained in paragraph 57.

58.     Defendant denies all allegations contained in paragraph 58.

59.     Defendant denies all allegations contained in paragraph 59.

60.     Defendant denies all allegations contained in paragraph 60.

61.     Defendant denies all allegations contained in paragraph 61.

62.     Defendant denies all allegations contained in paragraph 62.

63.     Defendant denies all allegations contained in paragraph 63.

64.     Defendant admits that Plaintiff was released from custody, but denies all remaining allegations contained in paragraph 64.

65.     Defendant denies all allegations contained in paragraph 65.

66.     Defendant denies all allegations contained in paragraph 66.

67.     Defendant denies all allegations contained in paragraph 67.

68.     Defendant denies all allegations contained in paragraph 68.

69.     Defendant denies all allegations contained in paragraph 69.

70.     Defendant is without sufficient information to admit or deny the allegations contained in paragraph 70.

71.     Defendant is without sufficient information to admit or deny the allegations contained in paragraph 71.

72.     Defendant is without sufficient information to admit or deny the allegations contained in paragraph 72.

73.     Defendant admits indictment in St. Louis County but denies all remaining allegations not specifically admitted to herein.

## No Capacity to Consent

74.     Defendant denies all allegations contained in paragraph 74.

6

75.     Defendant denies all allegations contained in paragraph 75.

## Other Acts of Violence

76.     The allegations in paragraph 76 are irrelevant and immaterial to any part of this case. Defendant denies all allegations in paragraph 76.

77.     Defendant denies all allegations in paragraph 77.

78.     Defendant denies all allegations in paragraph 78.

## DAMAGES

79.     Defendant denies all allegations in paragraph 79, including subparagraphs (a) through and including (h).

80.     Defendant denies all allegations in paragraph 80.

81.     Defendant denies all allegations in paragraph 81.

82.     Defendant denies all allegations in paragraph 82.

83.     Defendant denies all allegations in paragraph 83.

## CAUSATION

84.     Defendant denies all allegations in paragraph 84.

## ATTORNEY'S FEED AND COSTS

85.     Defendant denies all allegations in paragraph 85.

## COUNT I
## VIOLATION OF CIVIL RIGHTS, 42 U.S.C. 1983
## FOURTEENTH AMENDMENT – SUBSTANTIVE DUE PROCESS

86.     Defendant incorporates its answers and/or denials to paragraphs 1 through 85 as if set forth fully herein.

87.     Defendant admits that Plaintiff alleges that she was a pre-trial detainee, but denies all other allegations contained in paragraph 87.

88.     Paragraph 88 is an argumentative statement of law in violation of FRCP 8 (a) to which no answer is required.  To the extent an answer is required for paragraph 88, defendant denies all allegations contained in paragraph 88.

89.     Paragraph 89 is an argumentative statement of law in violation of FRCP 8 (a) to which no answer is required.  To the extent an answer is required for paragraph 89, defendant denies all allegations contained in paragraph 89.

90.     Paragraph 90 is an argumentative statement of law in violation of FRCP 8 (a) to which no answer is required.  To the extent an answer is required for paragraph 90, defendant denies all allegations contained in paragraph 90.

91.     Defendant denies all allegations in paragraph 91.

92.     Defendant denies all allegations in paragraph 92.

93.     Defendant denies all allegations in paragraph 93.

94.     Defendant denies all allegations in paragraph 94.

### No Qualified Immunity – Law Well Established

95.     Paragraph 95 is an argumentative statement of law in violation of FRCP 8 (a) to which no answer is required.  To the extent an answer is required for paragraph 95, defendant denies all allegations contained in paragraph 95.

96.     Defendant denies all allegations in paragraph 96.

### Punitive Damages

97.     Defendant denies all allegations in paragraph 97.

98.     Defendant denies all allegations in paragraph 98.

8

## COUNT II
## MONELL

99.    Defendant incorporates its answers and/or denials to paragraphs 1 through 98 as if set forth fully herein.

### Custom and Practice of Tolerating Violence and Constitutional Violations

100.    Defendant denies all allegations in paragraph 100.

101.    Defendant denies all allegations in paragraph 101.

102.    Defendant denies all allegations in paragraph 102.

103.    Defendant denies all allegations in paragraph 103.

104.    Defendant denies all allegations in paragraph 104.

105.    Defendant denies all allegations in paragraph 105.

### Negligent Hiring, Failure to Supervise

106.    Defendant denies all allegations in paragraph 106.

107.    Defendant denies all allegations in paragraph 107.

108.    Defendant denies all allegations in paragraph 108.

### Liability of Ferguson

109.    Defendant denies all allegations in paragraph 109.

### AFFIRMATIVE DEFENSES

Further answering, and by way of affirmative defenses, Defendant Jaris Hayden states as follows:

1.    Plaintiff's Complaint and all purported causes of action stated therein fail to state a claim or a cause of action against this Defendant upon which relief can be granted.

2.      Plaintiff's injuries, if any, are barred or limited by Plaintiff's own criminal misconduct, negligence and wrongful conduct, and not the conduct of Defendant, and as a result, the plaintiff was the sole cause of her own injury and damage, if any.

3.      Plaintiff's injuries, if any, sustained by Plaintiff are a direct and proximate result of Plaintiff consenting to the conduct referred to in the Complaint, to the extent said conduct occurred.

4.      No conduct of Defendant violated any clearly established statutory or constitutional rights of which a reasonable person would have known, and thus and thereby, Defendant has qualified immunity from liability to Plaintiff and Plaintiff cannot recover from this Defendant.

5.      The law was not clearly established at the time of the occurrence referred to in the Complaint that any policies and procedures were so deficient that they violated any constitutional right of Plaintiff or were the proximate cause of any injury or damage allegedly sustained by plaintiff. See Veatch v. Bartels Lutheran Home, 627 F.3d 1254 (8th Cir. 2010).

6.      Plaintiff's alleged injuries, if any, were the direct and proximate result of the negligent acts of third parties over whom Defendant had no control.

7.      Defendant reserves the right to supplement or amend its affirmative defenses upon conducting further discovery in this matter.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant Jaris Hayden prays to be dismissed from Plaintiff's cause of action, for judgment in his favor and against Plaintiff, with costs and fees expended and any further relief the Court deems just and proper.

Respectfully submitted,

ROBERTS PERRYMAN, P.C.


/s/ Jason D. Guerra
Ted L. Perryman, #28410MO
Jason D. Guerra, #54567MO
1034 S. Brentwood Blvd, Suite 2100
St. Louis, MO 63117
(314) 421-1850
(314) 421-4346 Facsimile
tperryman@robertsperryman.com
jguerra@robertsperryman.com
Attorneys for Defendant Hayden


## CERTIFICATE OF SERVICE

I hereby certify that on January 19, 2017, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following:

W. Bevis Schock
Attorney at Law
7777 Bonhomme Ave., Ste.1300
St. Louis, MO 63105
wbschock@schocklaw.com
**Co-Counsel for Plaintiff**

Hugh A. Eastwood
Attorney at Law
7911 Forsyth Blvd., Ste 300
St. Louis, MO 63105
heastwood@eastwoodlawstl.com
**Co-Counsel for Plaintiff**

Peter J. Dunne
Robert T. Plunkert
PITZER SNODGRASS, P.C.
100 South Fourth Street, Suite 400
St. Louis, Missouri 63102-1821
dunne@pspclaw.com
plunkert@pspclaw.com
**Attorneys for Defendant City of Ferguson**

/s/ Jason D. Guerra
1034 S. Brentwood Blvd
Suite 2100
St. Louis, MO 63117